UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JOSE RIVERA,
JULIETTE CABRERA BERNAL,

       Plaintiffs,

v.

MARBLE OF THE WORLD INC. D/B/A
MARBLE OF THE WORLD, THE STONE
COLLECTION TX, LLC A/K/A THE STONE
COLLECTION, LLC, CHARLES URSO,

       Defendants.
_____/

# COMPLAINT
*{Jury Trial Demanded}*

Plaintiffs, JOSE RIVERA and JULIETTE CABRERA BERNAL, bring this action against Defendants, MARBLE OF THE WORLD INC. D/B/A MARBLE OF THE WORLD, THE STONE COLLECTION TX, LLC A/K/A THE STONE COLLECTION, LLC,[1] and CHARLES URSO, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and allege as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiffs JOSE RIVERA and JULIETTE CABRERA BERNAL were residents of the State of Florida and "employees" of Defendants as defined by the FLSA.

---

[1] Plaintiff JULIETTE CABRERA BERNAL's claims are brought solely against Defendant THE STONE COLLECTION TX, LLC A/K/A THE STONE COLLECTION, LLC.

3.    At all times material hereto, Plaintiffs engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA.

4.    At all times material hereto, Defendant, MARBLE OF THE WORLD INC. D/B/A MARBLE OF THE WORLD, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of marbles sales and distribution, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5.    At all times material hereto, Defendant, THE STONE COLLECTION TX, LLC A/K/A THE STONE COLLECTION, LLC, was a foreign profit corporation engaged in business in South Florida, engaged in commerce in the field of marbles sales and distribution, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

6.    The STONE COLLECTION TX, LLC A/K/A THE STONE COLLECTION, LLC is the successor entity TO MARBLE OF THE WORLD INC. D/B/A MARBLE OF THE WORLD; THE STONE COLLECTION TX, LLC A/K/A THE STONE COLLECTION, LLC and its owners had notice of MARBLE OF THE WORLD INC. D/B/A MARBLE OF THE WORLD's liability under the FLSA before the change in entity occurred; there exists a substantial continuity of business operations between MARBLE OF THE WORLD INC. D/B/A MARBLE OF THE WORLD and THE STONE COLLECTION TX, LLC A/K/A THE STONE COLLECTION, LLC; THE STONE COLLECTION TX, LLC A/K/A THE STONE COLLECTION, LLC operates at the same location as did MARBLE OF THE WORLD INC. D/B/A MARBLE OF THE WORLD; THE STONE

COLLECTION TX, LLC A/K/A THE STONE COLLECTION, LLC uses the same or substantially the same work force as did MARBLE OF THE WORLD INC. D/B/A MARBLE OF THE WORLD; THE STONE COLLECTION TX, LLC A/K/A THE STONE COLLECTION, LLC uses the same or substantially the same supervisory personnel as MARBLE OF THE WORLD INC. D/B/A MARBLE OF THE WORLD; THE STONE COLLECTION TX, LLC A/K/A THE STONE COLLECTION, LLC employs the same jobs under substantially the same working conditions as did MARBLE OF THE WORLD INC. D/B/A MARBLE OF THE WORLD; THE STONE COLLECTION TX, LLC A/K/A THE STONE COLLECTION, LLC uses the same machinery, equipment, and methods of production as did MARBLE OF THE WORLD INC. D/B/A MARBLE OF THE WORLD; THE STONE COLLECTION TX, LLC A/K/A THE STONE COLLECTION, LLC produces the same products as did MARBLE OF THE WORLD INC. D/B/A MARBLE OF THE WORLD; THE STONE COLLECTION TX, LLC A/K/A THE STONE COLLECTION, LLC has expressly and/or impliedly assumed MARBLE OF THE WORLD INC. D/B/A MARBLE OF THE WORLD'S LIABILITIES; and THE STONE COLLECTION TX, LLC A/K/A THE STONE COLLECTION, LLC is a mere continuation of MARBLE OF THE WORLD INC. D/B/A MARBLE OF THE WORLD.

7.     Defendant, CHARLES URSO, is a resident of Broward County, Florida and was, and now is, a manager of Defendant, MARBLE OF THE WORLD INC. D/B/A MARBLE OF THE WORLD, controlled Plaintiffs' duties, hours worked, and compensation, and managed the day-to-day operations of MARBLE OF THE WORLD INC. D/B/A MARBLE OF THE WORLD. Accordingly, CHARLES URSO was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

8. Two or more of Defendants' employees handled tools, supplies, and equipment manfuactured outside Florida in furthernace of their business including but not limited to phones, computers, computer monitors, computer keyboards, computer mice, pens, and paper.

9. Plaintiff JOSE RIVERA worked for Defendants as a sales account manager.

10. Plaintiff JULIETTE CABRERA BERNAL worked for Defendants as a customer service representative.

11. Defendants failed to pay Plaintiffs' full and proper overtime wages of 1.5 times Plaintiffs' regular hourly rate for hours worked over 40 each week.

12. Attached as <u>Exhibit A</u> and <u>Exhibit B</u> are preliminary calculations of Plaintiffs' claims. These amounts may change as Plaintiffs engage in the discovery process.

13. Defendants have knowingly and willfully refused to pay Plaintiffs' legally-entitled wages.

14. Plaintiffs have complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

15. Plaintiffs have retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## <u>VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")</u>
## <u>ALL DEFENDANTS</u>

16. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-15 above as if set forth herein in full.

17. Plaintiffs allege this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiffs are entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

18. Plaintiffs seek recovery of damages as referenced above and further seek interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791